IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL BISOR, TDCJ #01957272, | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:17-2283 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

## MEMORANDUM AND ORDER

State inmate Michael Bisor has filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 [Doc. # 9], seeking relief from a conviction for burglary of a habitation that resulted in a sentence of 60 years' imprisonment in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"). He has also filed a memorandum of law in support of that amended petition [Doc. # 9]. The respondent has answered with a motion for summary judgment [Doc. # 13], and Bisor has filed a reply [Doc. # 20]. After reviewing all of the parties' submissions, the state court record, and the applicable law, the respondent's motion will be granted and this action will be dismissed for the reasons explained below.

1

I.  **BACKGROUND AND PROCEDURAL HISTORY**

In 2013, a grand jury sitting in Harris County, Texas, returned an indictment against Bisor in Cause No. 1389495, charging him with burglary of a habitation [Doc. # 12-2, at 13].[1]  The indictment was enhanced for purposes of punishment with allegations that Bisor had at least two other previous felony convictions [*Id.*]. A jury in the 232nd District Court for Harris County found Bisor guilty as charged and, after Bisor admitted that the enhancement allegations were "true," sentenced him to 60 years' imprisonment [Doc. # 12-3, at 75].

On appeal, Bisor's appointed attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), certifying that he conscientiously reviewed the record and believed that there was no non-frivolous basis for appellate review [Doc. # 12-6, at 15].  In doing so, appellate counsel summarized the evidence presented against Bisor at trial, with corresponding cites to the court reporter's record ("RR"), showing that Bisor and his co-defendant, William Fischer, burglarized a residence and stole some electronics:

> Aaron Thatcher [testified] that on May 28, 2013, he was living in a trailer at 911 Gateside in Houston. That evening he heard his dog barking and decided to go outside to smoke a cigarette (RR-3, p. 16).

---

[1] Unless otherwise indicated, all page numbers for cites to the record reference the pagination inserted on each docket entry by the Court's electronic docketing system, CM/ECF.

He heard a banging noise and observed two black males trying to break into the complainant's nearby trailer. He ran to tell his brother to call 911 and then returned to his vantage point from which he observed that the door of the trailer was open and he saw a pair of feet enter (RR-3, p. 23). Thatcher ran back to his trailer, and then returned to find a truck leaving the scene driven by one man. Thatcher then told his brother to borrow the lot owner's truck, which they used to pursue the fleeing suspects (RR-3, p. 23). They were on the phone with police dispatch, who advised them to back off from the chase. They then returned to the trailer and waited for the police (RR-3, p. 35). When they entered the complainant's trailer they found that it had been ransacked and observed a crowbar and a screwdriver on the sofa (RR-3, p. 37).

Deputy Jason Bullock of the Harris County Sheriff's Department testified that he was on patrol with a K-9 unit when he received a burglary in progress call (RR-3, p. 56). He located the suspect vehicle which was being pursued by Thatcher and the others. He pulled up next to Thatcher who told him that it was the suspect vehicle (RR-3, p. 57). He advised them to return home and then radioed for backup. He then executed a traffic stop. The suspects were placed in another police car and their truck was towed back to the scene (RR-3, p. 62). He then contacted the complainant at his place of work and advised him of the burglary.

Deputy John Craig testified that he also received the burglary in progress call. He went to the scene and checked the complainant's residence (RR-3, p. 84). Deputies then brought back two males with a vehicle which had property in it, which the complainant identified as his. [Bisor] and a William Fischer were identified as occupants of the truck (RR-3, p. 88).

John Domigan, the complainant, testified that he had been living in the trailer for a year. When he arrived back at the trailer from work the police showed him a TV set, a Blu-Ray player and modem placed on his driveway. He identified the items as his (RR-3, p.101). He knew the codefendant, Willie Fischer, through a former roommate. He had seen [Bisor] a couple of times at a welding shop. He did not give Fischer or [Bisor] consent to enter his trailer (RR-3, p. 106).

> [Bisor] called William Fischer to testify. Fischer testified that on the day of the burglary he was driving around looking for some quick money with which to buy crack cocaine to smoke. He stopped and asked [Bisor] if he would help him move some things from his brother's house (RR-3, p. 117). Fischer intended to in fact steal property from the complainant. He went to the house while [Bisor] remained in the trunk. Fischer took a blu-ray DVD player and a large television set and loaded it into the back of the truck with [Bisor]'s help. [Bisor] stayed in the back to hold the TV set (RR-3, p.119). The police then pulled them over (RR-3, p. 122).

[Doc. # 12-16, at 7-9]. After conducting an independent review of the record, the intermediate court of appeals found that the appeal was frivolous and affirmed the conviction in an unpublished opinion. *See Bisor v. State*, No. 01-14-00836-CR (Tex. App. – Houston [1st Dist.] Oct. 6, 2015) [Doc. # 12-33, at 70-72]. Thereafter, the Texas Court of Criminal Appeals refused Bisor's petition for discretionary review [Doc. # 12-25, at 1].

Bisor challenged his conviction further by filing an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure [Doc. # 12-33, at 5-21]. Bisor asserted the following grounds for relief:

1. Trial counsel was ineffective for failing to: conduct an independent investigation; visit the scene of the crime and photograph it; and discover a prior statement by a witness.

2. The trial court erred by overruling defense counsel's objection to State's Exhibit Six (a recorded 911 call).

3. The prosecutor withheld evidence in the form of a recorded 911 call and failed to correct "perjured testimony" that was used to obtain the conviction.

4. The evidence was insufficient to support the conviction beyond a reasonable doubt.

[Doc. # 12-33, at 10-16]. The state habeas corpus court entered findings of fact and concluded that claims one and three were without merit [Doc. # 12-33, at 59-64]. The state habeas corpus court found further that claims two and four were barred from consideration on collateral review because those record-based claims could only be considered on direct appeal [*Id.*]. Because Bisor failed to establish that he was entitled to relief, the state habeas corpus court recommended that his application be denied [*Id.*]. The Texas Court of Criminal Appeals agreed with that recommendation and denied relief without a written order on March 8, 2017 [Doc. # 12-31, at 1].

Bisor now seeks relief from his conviction under 28 U.S.C. § 2254, and he asserts the following grounds for relief:

1. The evidence was insufficient to support the conviction because there was no proof that he knew that he was committing burglary.

2. The prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963) by withholding the recorded 911 call that was introduced at trial and some tools (a screwdriver and crowbar) that were used to commit the burglary offense.

[Doc. # 8, at 6-8].[2] The respondent has filed a motion for summary judgment, arguing that Bisor's challenge to the sufficiency of the evidence is barred from federal review by the doctrine of procedural default because this claim was not raised properly in state court [Doc. # 13, at 7-10]. The respondent argues further that Bisor's *Brady* claim is without merit because the state court reasonably rejected this claim [*Id*. at 10-13]. The parties' contentions are addressed below under the legal standard that governs federal habeas corpus review.

## II. SUFFICIENCY OF THE EVIDENCE

The respondent notes that Bisor's challenge to the sufficiency of the evidence was rejected by the state habeas corpus court for procedural reasons because such claims are cognizable only on direct appeal [Doc. # 13, at 7-9]. Because Bisor did not challenge the sufficiency of the evidence on direct appeal, he did not exhaust state court remedies by presenting this claim in a procedurally proper manner [*Id*.]. Noting further that the last court to consider the claim rejected it pursuant to a firmly established state procedural rule, which dictates that challenges to the sufficiency of the evidence may only be heard on direct appeal,

---

[2] The petitioner proceeds *pro se* in this case. Courts are required to liberally construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972); *see also Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) ("The filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction," meaning that their submissions "are not held to the same stringent and rigorous standards as are pleadings filed by lawyers.") (internal citation marks and quotation omitted).

the respondent argues that Bisor's claim is barred from federal habeas review by the doctrine of procedural default [*Id*. at 9-10].

As a general rule, the doctrine of procedural default holds that "a state prisoner's default of federal claims 'in state court pursuant to an independent and adequate state procedural rule' bars federal habeas review of those claims." *McQuiggin v. Perkins*, 569 U.S. 383, 402 (2013) (quoting *Coleman v Thompson*, 501 U.S. 722, 750 (1991)). "The purpose of this doctrine is to ensure that state prisoners not only become ineligible for state relief before raising their claims in federal court, but also that they give state courts a sufficient opportunity to decide those claims before doing so." *O'Sullivan v. Boerckel*, 526 U.S. 838, 853 (1999). Thus, a federal habeas corpus court asks whether a state inmate has exhausted his state court remedies before seeking federal habeas review and also asks "how he has done so." *Id*. at 854. To satisfy the exhaustion requirement, a state prisoner must not only have exhausted his state court remedies before coming to federal court, he "must also have *properly* done so by giving the state a fair opportunity to pass upon [his claims]." *Id*. (emphasis in original) (internal quotation marks and citation omitted).

The exhaustion requirement is satisfied once a petitioner's federal claim has been "fairly presented" to the state's highest court of criminal jurisdiction. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). In Texas, a criminal defendant may

exhaust state court remedies by raising his claims for review by the Texas Court of Criminal Appeals in two ways: (1) the petitioner may file a direct appeal from a judgment of conviction followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

The record confirms that Bisor did not exhaust his challenge to the sufficiency of the evidence by raising the claim properly for review in compliance with state procedure. Bisor's appellate attorney considered raising a challenge to the sufficiency of the evidence on direct appeal, but concluded in his *Anders* brief that the evidence presented at trial was "more than sufficient" to support the conviction [Doc. # 12-16, at 11-13]. Bisor did not otherwise raise a challenge to the sufficiency of the evidence during his direct appeal or in his petition for discretionary review [Doc. # 12-28, at 1-7]. Instead, he raised his challenge to the sufficiency of the evidence on collateral review, where the claim was rejected by

the state habeas corpus court because such claims are "not cognizable in post-conviction habeas proceedings," citing *Ex parte Christian*, 760 S.W.2d 659, 660 (Tex. Crim. App. 1988) [Doc. # 12-33, at 62].

In Texas, the law is firmly established that a challenge to the sufficiency of the evidence may only be raised on direct appeal and may not be raised in a state habeas proceeding. *See West v. Johnson*, 92 F.3d 1385, 1389 n.18 (5th Cir. 1996); *Clark v. Texas*, 788 F.2d 309, 310 (5th Cir. 1986) (per curiam). The Fifth Circuit has repeatedly recognized that the failure to properly raise a sufficiency challenge on direct appeal constitutes an "independent and adequate state procedural ground" that results in a procedural default. *See Register v. Thaler*, 681 F.3d 623, 628 (5th Cir. 2012); *Reed v. Thaler*, 428 F. App'x 453, 454, 2011 WL 2437836, *1 (5th Cir. 2011) (per curiam); *see also Busby*, 359 F.3d at 718-19 (finding it firmly established by the Texas courts that a challenge to the sufficiency of the evidence must be raised on direct appeal and is not actionable on state habeas review).

To overcome a procedural default, a federal habeas corpus petitioner must demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law"; or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Cause requires a showing that there was "some objective factor external to the defense" that impeded a prisoner or her defense counsel's ability to comply with the state's

procedural rule. *See id.* at 753. Actual prejudice, in this context, requires a petitioner to show "not merely that the errors . . . created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hughes v. Quarterman*, 530 F.3d 336, 341 (5th Cir. 2008) (citations and internal quotation marks omitted).

Bisor has filed a response to the motion for summary judgment, but he does not demonstrate cause for his default or the requisite actual prejudice by establishing that he has a viable challenge to the sufficiency of the evidence to assert. Instead, he argues that failure to consider his claim would constitute a fundamental miscarriage of justice because there was "no evidence" to support his conviction [Doc. # 20, at 3-4].

To establish a fundamental miscarriage of justice, a habeas petitioner must provide the court with evidence that would support a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986). This requires a habeas petitioner to "raise a substantial doubt about his guilt." *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000). To make this showing, a habeas petitioner must present "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A petitioner must then show that "it is more likely than not that," in light of the new evidence, "no

reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 326-27. The Supreme Court has emphasized that this standard is "demanding and permits review only in the extraordinary case." *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotations and citations omitted). Bisor does not meet this standard here.

In support of his argument, Bisor presents an affidavit from his co-defendant, William Fischer, who attempted to take the blame for committing the offense by insisting that he merely "hired" Bisor to help him move some personal items out of his "brother's" house on the night in question and that Bisor "had no knowledge" that they were committing a crime [Doc. # 9-1, at 10]. The affidavit was executed by Fischer on October 23, 2013, and he repeated the substance of this testimony as a defense witness at Bisor's trial in September 2014, after having pled guilty to his role in the offense [Doc. # 12-6, at 117-18, 126]. The jury, which heard testimony from an eye-witness who saw Fischer and his companion break into the victim's home, did not find Fischer's account credible and found Bisor guilty as charged for burglarizing the victim's habitation. Because the affidavit that Bisor presents does not qualify as new reliable evidence establishing his actual innocence, Bisor fails to show that he fits within the exception for fundamental miscarriages of justice and he raises no other argument that is sufficient to overcome his procedural default. Accordingly, the Court concludes that Bisor's

challenge to the sufficiency of the evidence is procedurally barred and that the respondent is entitled to summary judgment on this claim.

## III. **THE *BRADY* CLAIM**

Bisor contends that the prosecutor violated *Brady v. Maryland*, 373 U.S. 83 (1963), by suppressing a recorded 911 call and tools of the trade (a screwdriver and crowbar) that were used to break into the victim's residence [Doc. # 8, at 8]. In *Brady,* the Supreme Court held that the prosecution violates Due Process when it suppresses or withholds evidence favorable to the accused where the evidence is material to guilt or to punishment. *Brady*, 373 U.S. at 87. The state habeas corpus court concluded that the claim was without merit because Bisor failed to "allege and prove sufficient facts to support his allegation that the State failed to disclose exculpatory evidence, or that there is a reasonable probability that had such alleged evidence been disclosed, the outcome of the trial would have been different." [Doc. # 12-33, at 61]. Arguing that the state court's decision was reasonable, the respondent maintains that Bisor is not entitled to relief on this issue.

To the extent that this claim was adjudicated on the merits on state habeas corpus review, this Court may not grant relief unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

Court of the United States[.]" 28 U.S.C. § 2254(d)(1). "A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Matamoros v. Stephens*, 783 F.3d 212, 215 (5th Cir. 2015) (citations omitted). To constitute an "unreasonable application of" clearly established federal law, a state court's holding "must be objectively unreasonable, not merely wrong; even clear error will not suffice." *Woods v. Donald*, — U.S. —, 135 S. Ct. 1372, 1376 (2015) (citation omitted). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

As noted above, a *Brady* violation occurs where the state withholds or suppresses evidence favorable evidence that is material to guilt or to punishment. *Brady*, 373 U.S. at 87. To establish a *Brady* violation, a defendant must prove that: (1) the evidence was favorable to the defendant, either because it was exculpatory or because it has impeachment value; (2) the evidence was withheld or suppressed by the prosecutor, either willfully or inadvertently; and (3) the evidence was

material such that prejudice ensued. *See Strickler v. Greene*, 527 U.S. 263, 281-82 (1999); *Kyles v. Whitley*, 514 U.S. 419, 432-33 (1995). Evidence qualifies as material under *Brady* "when there is any reasonable likelihood it could have affected the judgment of the jury." *Wearry v. Cain*, 136 S. Ct. 1002, 1006 (2016) (citations and internal quotation marks omitted).

The state habeas corpus court concluded that Bisor failed to establish a *Brady* violation because he did not allege facts showing that the state withheld exculpatory evidence that would have affected the result at trial [Doc. # 12-33, at 61]. Likewise, Bisor does not allege facts on federal review demonstrating that the state suppressed evidence favorable to the defense or material to his guilt or innocence. He does not otherwise demonstrate that the state court's decision was unreasonable.[3] Although Bisor claims that the prosecutor failed to disclose a recorded 911 call, by his own admission this call was introduced into evidence at trial [Doc. # 8, at 8; Doc. # 9, at 6] and was not suppressed. *See United States v.*

---

[3] Bisor argues that the state court's decision was unreasonable because it did not hold an evidentiary hearing on his *Brady* claim [Doc. # 20, at 4]. The Fifth Circuit has repeatedly held that "infirmities" or errors that occur during state collateral review proceedings "do not constitute grounds for relief in federal court." *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999); *see also Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999); *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) (citations omitted). Instead, a habeas corpus petitioner must demonstrate "constitutional error at the trial or direct review" before a federal court may issue the writ. *Morris*, 186 F.3d at 585 n.6. Because Bisor does not allege facts showing what, if anything, an evidentiary hearing would have shown, he does not demonstrate any error on the state court's part.

*Brown*, 650 F.3d 581, 588 (5th Cir. 2011) (Evidence is not suppressed for purposes of establishing a violation of *Brady* "'if the defendant knows or should know of the essential facts that would enable him to take advantage of it.'") (quotation omitted).

Further, although Bisor believes that the screwdriver and crowbar found at the scene of the offense could have been material in the event that no fingerprints were recovered from them, a *Brady* claim cannot be based on mere speculation. *See Hughes v. Johnson*, 191 F.3d 607, 629-30 (5th Cir. 1999) (citing *United States v. Pretel*, 939 F.2d 233, 240 (5th Cir. 1991)). At trial, police admitted that they did not take these items into evidence, but explained that they did not do so because eye-witnesses observed the two suspects breaking into the trailer [Doc. # 12-6, at 20, 85-92, 94-95]. To the extent that Bisor faults the police for failing to "tag and bag key evidence" [Doc. # 9, at 6], he does not allege facts establishing that the screwdriver and crowbar, which were released to the victim [Doc. # 12-6, at 107], were unavailable to the defense for examination, that the police failed to preserve this evidence in bad faith with disregard for any obvious exculpatory value, *see Arizona v. Youngblood*, 488 U.S. 51, 58 (1994), or that material evidence was otherwise withheld by the prosecution in violation of *Brady*.

Because Bisor does not establish that the state suppressed material evidence that was favorable to the defense, he fails to show that a *Brady* violation occurred.

He does not otherwise demonstrate that the state court's decision to deny relief was contrary to or an unreasonable application of *Brady*. Absent a valid claim, the respondent is entitled to summary judgment and the petition must be denied.

IV. **CERTIFICATE OF APPEALABILITY**

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on

procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## V. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment [Doc. # 13] is **GRANTED**.

2. The petition for a writ of habeas corpus filed by Michael Bisor under 28 U.S.C. § 2254 is **DENIED** and this case is **DISMISSED with prejudice**.

3. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on November 30, 2018.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE